FIX *v.* SOLEAU.

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    The decree below, entered on a consideration of conflicting testimony taken in open court, was affirmed.

Appeal from Monroe; Kinne, J. Submitted April 4, 1901. Decided June 4, 1901.

Bill by John B. Fix, guardian of Catherine Kibbee, an incompetent, against Josephine Soleau and Lynott Bloodgood, to set aside a discharge of mortgage and to foreclose the mortgage. From a decree denying the prayer of the bill, complainant appeals. Affirmed.

*C. A. Golden* (*O'Brien O'Donnell*, of counsel), for complainant.

*E. R. Gilday* and *George M. Landon*, for defendants.

MONTGOMERY, C. J. The bill in this case is the usual one for the foreclosure of a mortgage, with this exception: It is alleged that appellee Soleau, by misrepresentation, obtained possession of the mortgage and note, and caused a discharge to be made and recorded, which discharge was fraudulently antedated, or was procured by undue influence and fraud practiced upon the mortgagee, who was mentally incompetent at the time of its pretended execution. Interest is claimed from January 1, 1895. The

prayer of the bill is that the discharge may be set aside, and for accounting, etc. The answer of appellee Soleau claims that interest has been paid in full to April 1, 1899, and that the board and care of complainant's ward since that date more than pays the interest which has since accrued; denies having obtained note and mortgage, which were demanded and given to her mother, complainant's present ward, by whom they were subsequently returned to complainant; admits placing the discharge upon record, and alleges that it was made on the day of its date, and delivered, and denies fraud, undue influence, and mental incompetency charged; alleges that it was made for the purpose of dividing her property, and with the expectation of receiving the interest during her lifetime, and with directions not to place the same on record, to secure her own peace. The circuit judge, with the assent of the defendants (one a subsequent incumbrancer), declared a lien in favor of complainant's ward for the amount of the interest that would become due on the mortgage during the lifetime of Mrs. Kibbee, but declined to set aside the discharge.

The questions involved are questions of fact, and there is a very sharp conflict in the testimony. It is a case in which the advantage which the circuit judge had in judging the credibility of witnesses was of great value in determining the question of fact, and, while a careful reading of the testimony has raised some possible doubts as to the correctness of his conclusion, we are all agreed that the evidence may be said to fairly preponderate in favor of the defendants.

The decree of the court below will be affirmed.

The other Justices concurred.